UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

EDWARD ARROYO,

    Plaintiff,

v.

AROUND THE CLOCK A/C SERVICE, LLC,
a Florid Limited Liability Company

    Defendant.
_____/

## COMPLAINT

Plaintiff, EDWARD ARROYO (hereinafter, "ARROYO" or "Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendant, AROUND THE CLOCK A/C SERVICE, LLC, ("Around the Clock" or "Defendant"), and says:

## JURISDICTION AND VENUE

1. This action is brought against Defendant pursuant to Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et. seq., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).

3. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

**PARTIES**

5. Plaintiff is a resident of Broward County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant in its Appliance Division. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e).

6. Defendant is a Florida Limited Liability Company, organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Sunrise, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant provides the residents and businesses of multiple counties in Florida with air conditioning related services and maintenance programs.

8. At all times relevant hereto, Defendant was a covered employer under the FLSA, 29 U.S.C. §§ 203(d) and (s)(1) in that it had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore has employees subject to the provisions of the FLSA, 29 U.S.C. § 203.

10. Defendant, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendant, upon knowledge and belief, employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2019 or 2020, and therefore is a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

12. By November 2019, Plaintiff had been employed by Defendant for over 12 months, and he had performed at least 1,250 hours of service for Defendant during the previous 12-month period. Plaintiff was therefore an eligible employee under the FMLA, 29 U.S.C. § 2611(2).

## GENERAL ALLEGATIONS

13. Plaintiff worked for Defendant in the appliance division for approximately seventeen (17) years until his termination on or about November, 1, 2019.

14. During Plaintiff's employment with Defendant, he normally started in the office until 9 am or 10 am and resumed his work in the field to do repairs and maintenance.

15. Plaintiff worked approximately 8.50 hours to 9.50 hours daily from Monday to Friday, and 5 hours to 7 hours on Saturdays. At the same time, Plaintiff was required to always remain on-call.

16. Defendant and its representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

17. Defendant maintained complete control over the hours Plaintiff worked and the pay he was to receive.

18. In the course of his employment with Defendant, Plaintiff worked the number of hours required of him, but was not paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

19. The records, if any, concerning the number of hours actually worked by Plaintiff are in the possession, custody, and control of Defendant.

20. On or about July 31, 2019, Plaintiff had a heart attack, and thereafter had an open heart surgery on August 3.

21. Plaintiff requested leave for his serious health condition, which was approved.

22. On or about October 14, 2019, Plaintiff was released to work without restrictions, when Defendant assigned Plaintiff to work with another appliance technician, so that Plaintiff was not required to drive.

23. Prior to taking time off due to his surgery, Plaintiff worked and drove to different work sites on his own.

24. Within three weeks, on or about November 1, 2019, Plaintiff was advised that he was laid off, and that he could return when he became 100% healthy.

25. On or about November 7, 2019, Defendant took back the company truck and the keys from Plaintiff.

26. There is no legal, non-discriminatory reason for Defendant's decision to terminate Plaintiff. Further, Defendant interfered with Plaintiff's exercise of his FMLA rights, by failing to provide him with notice designating his requested time off for surgery as qualified FMLA leave.

27. Prior to his heart attack and informing Defendant of his need for time off due to the surgery, Plaintiff had no reprimands, verbal or written, in his employee file.

28. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay a reasonable fee for its services.

29. Plaintiff is entitled to his reasonable attorney's fees and costs if he is the prevailing party in this action.

## COUNT I – VIOLATION OF FLSA/OVERTIME

30. Plaintiff re-alleges and re-avers paragraphs 1 – 29 as fully set forth herein.

31. During the course of Plaintiff's employment, Defendant has willfully violated the provisions of §7 of the FLSA [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one and one half times the regular rates for which they were employed.

32. During Plaintiff's employment with Defendant, Plaintiff constantly worked over forty (40) hours during each work week in which he was employed. Plaintiff was only paid straight time and never overtime.

33. Plaintiff was not exempt from the overtime provision of the FLSA pursuant to 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, nor professional employee.

34. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

35. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

36. Defendant knew Plaintiff was not exempt from overtime but refused to compensate his hours worked in excess of forty (40) hours for each work week.

37. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

38.     Plaintiff has retained the undersigned firm to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of filing this Complaint, Plaintiff EDWARD ARROYO demands judgment for:

a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated damages;

e) Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

## **COUNT II: VIOLATION OF THE FMLA (INTERFERENCE)**

39.     Plaintiff re-alleges and re-avers paragraphs 1 – 29 as fully set forth herein.

40.     Plaintiff was eligible for FMLA leave to care for his own serious medical conditions pursuant to 29 U.S.C. § 2612(a)(1)(D).

41.     Defendant is a covered employer as defined by 29 U.S.C § 2611(4)(A)(i) in that, upon knowledge and belief, Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2020 or 2019.

42.     Under the FMLA, 29 USC § 2614(a), Plaintiff had the right to take leave, and be restored to his position.

43. Though Defendant was well aware of Plaintiff's need for leave for his surgery, Defendant, together with its agents and/or representatives, never provided Plaintiff with any notice about his FMLA entitlement, but instead decided to terminate him shortly upon his return.

44. As a direct result of his termination, Plaintiff has suffered lost wages.

45. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

46. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to his loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

47. Plaintiff has retained the services of the undersigned firm and is obligated to pay attorney's fees should he recover damages from Defendant.

48. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff EDWARD ARROYO requests judgment for:

    a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

    b. Interest on the amount found due;

    c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

    e. Such other relief as the Court deems just and proper.

## COUNT III – VIOLATION OF THE FMLA
## (RETALIATION)

49. Plaintiff re-alleges and re-avers paragraphs 1 – 29 as fully set forth herein.

50. Plaintiff was eligible for FMLA leave to care for his own serious medical conditions pursuant to 29 U.S.C. § 2612(a)(1)(D).

51. Defendant is a covered employer as defined by 29 U.S.C § 2611(4)(A)(i) in that, upon knowledge and belief, Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2020 or 2019.

52. In early August 2019, Plaintiff took leave qualified under the FMLA for his serious medical conditions, and returned to work without restrictions on or about October 14, 2019.

53. Upon Plaintiff's return, Defendant required him to work along with another appliance technician, instead of working independently as Plaintiff did prior to taking leave.

54. Shortly after Plaintiff's return from leave, Plaintiff was terminated.

55. Plaintiff was never provided any reason for his termination, and any reason claimed by Defendant is pretextual.

56. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

57. Defendant's conduct was done with malice, and with disregard for Plaintiff's protected rights under the FMLA. Plaintiff is therefore entitled to liquidated damages in an amount equal to his loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

58. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should he recovers damages from Defendant.

59. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff EDWARD ARROYO requests judgment for:

a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff EDWARD ARROYO hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated:  January 15, 2020.

                LAW OFFICES OF CHARLES EISS, P.L.
                Attorneys for Plaintiff
                7951 SW 6th Street, Suite 112
                Plantation, Florida 33324
                (954) 914-7890 (Office)
                (855) 423-5298 (Facsimile)

By:   /s/ Charles M. Eiss
      CHARLES M. EISS, Esq.
      Fla. Bar #612073
      chuck@icelawfirm.com
      TIEXIN YANG, Esq.
      Fla. Bar #1010651
      tiexin@icelawfirm.com